**FILED**
APR 2 0 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jesus Arreola Castillo,   )
)
      Plaintiff,   )
)   Case: 1:15-cv-00595
v.   )   Assigned To : Unassigned
)   Assign. Date : 4/20/2015
The Office of the Attorney General *et al.*,   )   Description: Pro Se Gen. Civil (F Deck)
)
      Defendants.   )

MEMORANDUM OPINION

This matter is before the Court on review of this *pro se* action captioned "Civil Complaint Pursuant to 28 U.S.C. § 1331, for Declaratory, Injunctive, or Prospective Relief" and plaintiff's application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a prisoner at the Federal Correctional Complex in Adelanto, California. He is serving a mandatory life sentence imposed by the United States District Court for the Southern District of Indiana following his conviction of conspiracy to distribute more than 1,000 kilograms of marijuana. *See United States v. Arreola-Castillo*, 539 F.3d 700 (7th Cir. 2008), *post-conviction relief denied by Arreola-Castillo v. United States*, Nos. 09-cv-1476, 05-64-cr-07, 2012 WL 5462754 (S.D.Ind. Nov. 7, 2012). In this action, plaintiff challenges the statute under which he was convicted on equal protection grounds.

"[I]t is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C.



Cir. 1996) (per curiam) (citations omitted). Rather, such relief is available via a motion to vacate sentence under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. I.N.S.,* 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing). Once a § 2255 motion has been adjudicated on the merits, as appears to be the case here, a subsequent motion for habeas relief must be presented to the appropriate court of appeals (here the Seventh Circuit) for permission to proceed in the sentencing court. 28 U.S.C. § 2244 (b)(3)(A). Plaintiff has stated no claim for relief in this court. A separate order of dismissal accompanies this Memorandum Opinion.

Date: April 17, 2015

/s/
United States District Judge